IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02849-GPG

AHMAD M. AJAJ,[1]

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DAVID BERKEBILE,
TARA HALL,
DERRICK JONES,
MICHAEL CUNDIFF,
JIM PELTON,
MITCHEL HOLLIDAY, and
TAMMY RUDA-SORRENTI,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    The matter before the Court is the Motion for Reconsideration that addresses the Court's January 5, 2016 Order denying him leave to proceed pursuant to 28 U.S.C.

---

[1] The Court has reviewed the Public Access to Court Electronic Records (PACER) and the Federal Bureau of Prisons website. The Court has found that the name of the prisoner who is assigned Inmate No. 040637-053 is Ahmad Mohammad Ajaj. Also, PACER indicates Plaintiff has stated his name is Ahmed Mohammad Ajaj in some cases, *see e.g., Ajaj v. United States, et al.*, No. 03-3776 (D. S.C. July 23, 2007); *as* Ahmad Mohammad Ajaj in other cases, *Ajaj v. Mackechnie, et al.*, No. 07-cv-05959-DCF (S.D. N.Y. Oct. 31, 2011); and as Ahmed M. Ajaj in yet other cases, *Ajaj v. Smith*, No. 02-cv-02417-CMC (D. S.C. Oct. 17, 2003).

§ 1915. Plaintiff asks that the Court allow him to make four $100 payments, because of special circumstances. Plaintiff, however, states that if the Court denies his request he will need an additional thirty days to comply with the January 5 Order.

Plaintiff is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. The Court must construe the Motion liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

First, the Court will construe Plaintiff's request for reconsideration as filed pursuant to Fed. R. Civ. P. 60(b). *See Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged . . . ; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). The decision to grant relief under Rule 60(b) is discretionary; and Plaintiff has the burden to show that exceptional circumstances exist that require the Court to amend or vacate an order. *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

Nothing that Plaintiff asserts in the Motion for Reconsideration demonstrates the relief he requests is merited. First, 28 U.S.C. § 1915 does not provide for payments when a Court determines that a prisoner has sufficient funds to pay the $400 filing fee in full. Second, Plaintiff's inmate account statement shows that not only did he have a balance of $690.58 in his account at the time he filed this action; but over the past six months he has had an average daily balance of $858.77 in his account. Plaintiff's Motion for Reconsideration, therefore, will be denied.

The Court also notes that Plaintiff is subject to 28 U.S.C. § 1915 filing restrictions and would be required to pay the fee in full in compliance with § 1915(g) if a waiver did not apply. *See Ajaj v, Fed. Bureau of Prisons, et al.*, No. 08-cv-02006-RBJ (D. Colo. Mar. 29, 2012) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim), *aff'd*, No. 13-1010 (10th Cir. Mar. 17, 2014); *Ajaj v. Mackechnie, et al.*, No. 07-5959-DCF (S.D. N.Y. Oct. 31, 2011) (dismissed pursuant to Fed. R. Civ.P.12(b)(6) for failure to state a claim), *dismissed on appeal*, No. 12-238 (2nd Cir. Aug. 22, 2012) (dismissed pursuant to 28 U.S.C. § 1915(e) for lack of arguable basis in law and fact); *Ajaj v. United States*, No.

99-cv-01209-ZLW-PAC (D. Colo. Aug. 22, 2002) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

The Court, therefore, will deny the Motion for Reconsideration because Plaintiff fails to demonstrate a legal basis for granting his request that he be allowed to submit four monthly payments of $100 to pay the filing fee.   Accordingly, it is

ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 5, filed on January 5, 2016, is denied.   It is

FURTHER ORDERED that Plaintiff shall have thirty days from the date of this Order to pay the $400 filing fee in full.   It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the action will be dismissed without further notice.

DATED at Denver, Colorado, this   2nd   day of   February  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court