IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02849-GPG

AHMAD M. AJAJ, aka Ahmad Mohammad Ajaj,[1]

     Plaintiff,

v.

UNITED STATES OF AMERICA,
DAVID BERKEBILE,
TARA HALL,
DERRICK JONES,
MICHAEL CUNDIFF,
JIM PELTON,
MITCHEL HOLLIDAY, and
TAMMY RUDA-SORRENTI,

     Defendants.

---

ORDER TO FILE AN AMENDED PRISONER COMPLAINT

---

Plaintiff Ahmad Mohammad Ajaj is in the custody of the Federal Bureau of Prisons

(BOP) and currently is incarcerated at the Florence ADMAX United States Penitentiary in,

Florence, Colorado.   Plaintiff initiated this action by filing *pro se* a Prisoner Complaint

alleging deprivations of his constitutional rights pursuant to 28 U.S.C. §§ 1331, 1350,

1361, 2201, 2202, and 2401(a), 42 U.S.C. §§ 1985 and 1986, *Bivens v. Six Unknown*

*Named Agents of Fed. Bureau of* Narcotics, 403 U.S. 388 (1971), and the "Accardi

Doctrine," and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

---

1  The Court notes that Ahmad M. Ajaj, Inmate Register # 40637-053 is the same person as Ahmed M.
Ajaj, Ahmad Ajaj, Ahmad M. Ajaj, and Ahmed Mohammad Ajaj.   The Court further notes that Applicant
is identified by the (BOP) as Ahmad Mohammad Ajaj.   The Court directs Plaintiff that when he files an
action in this Court he is to use the name the BOP as entered on its website as his name, which for Plaintiff
is Ahmad Mohammad Ajaj.

U.S.C. § 1915.   Plaintiff's request to proceed pursuant to 28 U.S.C. § 1915 was denied

because he had sufficient funds in his inmate account to pay the filing fee.

Plaintiff asserts two claim.   In the first claim, Plaintiff contends that since 2013

Defendants Berkebile, Hall, Jones, Cundiff, Pelton, Holliday, and Ruda-Sorrenti have

conspired to deny him a medical diet that has been prescribed by two different doctors.

Plaintiff further asserts that Defendants, knowing that if he is forced to prohibited foods he

is subject to pain and suffering, have denied his medical diet in retaliation for filing

previous lawsuits and because he is a Muslim.

In the second claim, Plaintiff asserts a variety of violations regarding (1) denial of

medications and health supplements; (2) placement in cells next to mentally ill inmates;

(3) denial of physical therapy; (4) placement in full iron restraints for four hours; (5) denial

of outside recreation; and (6) use of pepper gas even though he has asthma.   Plaintiff

seeks compensatory and punitive damages and injunctive and declaratory relief.

The Court must construe the Complaint liberally because Plaintiff is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an

advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed

below, the Court will direct Plaintiff to file an amended prisoner complaint.

First, each of the claims stated in Claim Two, except for the pepper gas claim, is

conclusory and vague and fails to assert personal participation by a properly named

defendant.   As for the pepper gas claim Plaintiff asserts against Snyder and Alverze,

Plaintiff fails to name these individuals as defendants in the caption of the Complaint.

Plaintiff also has named individuals in Claim One in the body of the Complaint that are not

listed as defendants in the caption of the Complaint or in the Parties section of the

Complaint form.

Second, supervisors can only be held liable for their own misconduct.   *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   A supervisor cannot incur liability under §

1983 for his mere knowledge of a subordinate's wrongdoing.   *Id.; see also Fogarty v.*

*Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a

concept of strict supervisor liability; the defendant's role must be more than one of

abstract authority over individuals who actually committed a constitutional violation.").

Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising
> from his or her superintendent responsibilities," the plaintiff must plausibly
> plead and eventually prove not only that the official's subordinates violated
> the Constitution, but that the official by virtue of his own conduct and state of
> mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).   Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and

demonstrate that: "(1) the defendant promulgated, created, implemented or possessed

responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged

constitutional deprivation."   *Id.* at 1199.

The Court also observes that "defendant-supervisors may be liable under § 1983

where an 'affirmative' link exists between the unconstitutional acts by their subordinates

and their 'adoption of any plan or policy. . .–express or otherwise–showing their

authorization or approval of such 'misconduct.' "   *See Dodds*, 614 F.3d at 1200-1201

(quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).   A supervisor defendant may not be

held liable for the unconstitutional conduct of his subordinates on a theory of respondeat

superior, *see Iqbal*, 556 U.S. at 676, because "§ 1983 does not recognize a concept of

strict supervisor liability; the defendant's role must be more than one of abstract authority

over individuals who actually committed a constitutional violation," *Fogarty*, 523 F.3d at

1162.   A public official is liable only for his own misconduct, *Iqbal*, 556 U.S. at 676, and

Plaintiff must plead with plausibility that not only an official's subordinates violated the

constitution but the named official acted by "virtue of his own conduct and state of mind."

*Dodds*, 614 F.3d at 1198 (citing *Iqbal*, 556 U.S. at 677).   To establish a claim under

§ 1983, a plaintiff must show more than "a supervisor's mere knowledge of his

subordinate's conduct."   *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d

760, 767 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 677).

Plaintiff also cannot maintain claims against prison officials or administrators on

the basis that they denied his grievances.   The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983."   *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193

(10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is

insufficient to establish personal participation in the alleged constitutional violations.")

(internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.

02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983").

Third, Plaintiff is reminded that he must assert personal participation by a named defendant in the alleged constitutional violation.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Finally, Plaintiff will be directed to file an amended complaint in accordance with the directives outlined above.   Plaintiff is reminded that in order to state a claim in federal court, he must explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Furthermore, the amended prisoner complaint must include all claims that Plaintiff desires to assert against all named Defendants.   If Plaintiff asserts claims against an individual in the body of the Amended Complaint and intends to name them as a defendant, then Plaintiff must list that individual as named defendant in the caption of the Amended Complaint.   Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, an Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   Plaintiff must use a Court-approved form to file the amended prisoner complaint.   It is

6

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended prisoner complaint that complies with this order the Court will address the claims as stated in the original Complaint pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.   It is

FURTHER ORDERED that Plaintiff's Motion for a Judicial Notice, ECF No. 8, is denied as moot, because Plaintiff has been directed to amend the Complaint.

DATED at Denver, Colorado, this 21st day of March , 2016.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge