IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-cv-02849-RM-KLM

AHMAD MOHAMMAD AJAJ,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
DERRICK JONES,
MICHAEL CUNDIFF,
TAMMY RUDA-SORRENTI,
"FNU" IZZETT,
CHARLES ALVAREZ,
SEAN SNIDER,
D. SHEPARD,
C. OLGUIN, and
D. OBA,

      Defendants.

---

## ORDER

---

      This matter is before the Court on the Recommendation and Order of United States

Magistrate Judge (ECF No. 169) which (1) recommends granting in part and denying in part

Defendants' Motion to Dismiss (ECF No. 133); (2) recommends granting in part and denying in

part Defendants' Partial Motion for Summary Judgment (ECF No. 132); and (3) denies

Plaintiff's Motion for Judicial Notice (159).[1] Only the recommendations ("Recommendation") of

---

[1] The Recommendation considered the arguments in Plaintiff's motion but declined to take judicial notice of the documents attached.

the Magistrate Judge are at issue in this Order. Plaintiff and Defendants have filed objections. The matter is fully briefed and ripe for resolution. Upon consideration of the Recommendation, relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

## I.     BACKGROUND

This action was initially filed on December 31, 2015; three complaints and a Supplemental Complaint (effectively, a fourth complaint) have been filed. At issue now is whether any of the claims in the operative complaint[2] survive dismissal. The parties are well versed with the extensive background which precedes this Order so it will only be briefly summarized here.

Plaintiff is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"). At the time he filed his complaint he was an inmate in ADX Florence, Colorado. He has apparently been transferred more than once since that time. Plaintiff is currently housed at a correctional facility in Allenwood, Pennsylvania. In general, Plaintiff's operative complaint alleges numerous claims, based on various factual allegations, raised under multiple legal theories, against many defendants. The claims which remain are brought under the following theories: *Bivens*, the Federal Tort Claims Act ("FTCA"), the Religious Freedom Restoration Act ("RFRA"), and the First, Fifth, and Eighth Amendments.[3] Factually, these claims are based on numerous alleged wrongful actions including the deprivation of a medical and religious diet; exposure to pepper

---

[2] Consisting of the "Verified Second Amended Complaint" and the "Verified Supplemental Complaint." (ECF Nos. 82, 168.)
[3] As construed by Defendants and accepted by the Magistrate Judge with one addition. (ECF No. 133, pp. 3-5; ECF No. 169, p. 4.)

spray gas[4]; deprivation of fresh air, sunlight, outside recreation and recreational association with other inmates; failure to accommodate religiously mandated visits with family members via video conferencing; termination of a medical prescription; failure to protect; ransacking of cell and confiscation of commissary; and refusal to accommodate Plaintiff's medical conditions.

Defendants moved for partial summary judgment as to four of the Plaintiff's FTCA claims against the United States, arguing those claims were not filed within six months of the BOP's denials of Plaintiff's underlying, related tort claims as required under 28 U.S.C. § 2401(b). (ECF No. 132.) Concurrently with that motion for partial summary judgment, Defendants moved to dismiss Plaintiff's entire complaint based on Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). After the briefing on the motions were completed, Plaintiff was allowed to supplement his complaint with allegations of the continual refusal to have religiously required visit with his family via video conferencing and with allegations of events which occurred after the September 14, 2018 judgment was entered after the trial of Plaintiff's other lawsuit against the BOP, *Ajaj v. Federal Bureau of Prisons*, Civil Action No. 15-cv-00992-RBJ-KLM[5] ("*Ajaj I*"). The Magistrate Judge made recommendations as to the two motions, which recommendations also included the allegations of the Supplemental Complaint. A summary of the Recommendation as to the various claims is set forth in the attached Exhibit 1. As stated, both sides have filed objections.

---

[4] Also known as oleoresin capsicum.
[5] That case is apparently on appeal before the Tenth Circuit Court of Appeals.

## II.     LEGAL STANDARDS

### A.   Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In reviewing the matter, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.   Motions for Summary Judgment and Motions to Dismiss

As the Court finds the Recommendation correctly set forth the legal standards to be applied to motions filed under Rules 12(b)(1), 12(b)(3), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, those standards are incorporated herein by this reference. (ECF No. 169, pp. 5-9.) In addition, because the Recommendation – and the parties – rely on matters which occurred

in *Ajaj I,* the issue of judicial notice is implicated.[6]

In considering a motion to dismiss under Rule 12(b)(6), the district court may consider exhibits attached to the complaint as part of the pleadings. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). The court may also "take judicial notice of its own files and records, as well as facts which are a matter of public record without converting a motion to dismiss into a motion for summary judgment." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quotation and citation omitted). But, those "documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Id.* (quotation, brackets, and citation omitted). *See also Tal*, 453 F.3d at 1265 n.24 (same).

Thus, "courts frequently take judicial notice of prior judicial acts found in records and files when evaluating the merits of a purported claim-preclusion defense." *Spencer*, 950 F.3d at 705. Courts may do so "without transforming a defendant's motion to dismiss into a motion for summary judgment." *Id.* (collecting cases). *See also The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016) ("On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" (quotation and citation omitted)).

### C. *Pro Se* Status

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21

---

[6] The Magistrate Judge declined to take judicial notice of the papers attached to Plaintiff's Motion to Judicial Notice but nonetheless apparently took judicial notice of certain filings in *Ajaj I.*

(1972). The Court, however, cannot serve as a *pro se* litigant's advocate and make arguments for him. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). The Court also cannot "supply additional factual allegations to round out [a *pro se* litigant's] complaint …." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). And *pro se* litigants are not excused from following the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

## III.   ANALYSIS

### A.  Recommendations to Which There are No Objections

There were no relevant objections[7] to the recommendations as to the following claims: One B; One C; One E; One G; Two B; Three B; Three C; Three D; Four A; Four B; Four C; Six A; Six B; and dismissal of all official capacity claims without prejudice based on Eleventh Amendment immunity. After reviewing the recommendations for clear error, and finding none, the Court accepts and adopts those recommendations. *See Summers*, 927 F.2d at 1167.

With one exception by Defendants, which the Court addresses below, the parties did not object to the Magistrate Judge's construction of the claims pled by Plaintiff in his operative complaint (ECF No. 82 and No. 168). And, after finding no clear error, the Court accepts and adopts the construction of claims to which no objection has been filed.

### B.  Defendants' Objections

Defendants raise several objections. The Court addresses them in turn, after addressing

---

[7] As discussed below, Plaintiff did object to the recommended dismissal of Claims Three B, Three C, and Three D, but on the basis that Defendant Shepard is not entitled to qualified immunity. The Recommendation, however, did not address – and did not recommend dismissal based on – qualified immunity. Thus, Plaintiff's objection as to these three claims on this basis is irrelevant.

Plaintiff's waiver argument.

Plaintiff asserts Defendants waived a number of arguments, but the Court's review finds that is not so. While "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived," *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), as Defendants argue, they could not have previously addressed Plaintiff's Supplemental Complaint. The Recommendation's analysis and recommendations included the allegations in the Supplemental Complaint but the briefing on Defendants' Motion to Dismiss was completed on August 5, 2019 (ECF No. 151); the Magistrate Judge granted Plaintiff leave to supplement his complaint on February 10, 2020 (ECF No. 167); and the Recommendation was issued three days later on February 13, 2020 (ECF No. 169). Thus, on this record, Defendants have not waived their arguments as they relate to the Supplemental Complaint and the Recommendations based thereon.[8] As to any other new issues or argument, except as stated hereafter, the Court's review finds the matters which Defendants raise in their objection were addressed in the Recommendation. Accordingly, Plaintiff's general objection that Defendants' arguments are waived is overruled.

### 1. Claim One F – Interference Religious Diet against BOP

In Claim One F Plaintiff alleges Defendant BOP interfered with Plaintiff's religious halal diet in violation of RFRA. Defendants argued this claim is barred by claim preclusion, based on *Ajaj I*. The Magistrate Judge agreed in part, recommending dismissal of this claim to the extent it relies on interference with Plaintiff's religious diet that occurred prior to the entry of final judgment on September 14, 2018 in *Ajaj I*. However, as to "new events" that occurred after the

---

[8] Most of Plaintiff's waiver arguments relate to matters which Defendants could not have raised in their filings.

final judgment and injunction entered in *Ajaj I*, the Recommendation found, based on change of circumstances, that such events are not precluded. Defendants' objection raises a primary argument and an alternate argument. The Court starts with the primary argument.

Defendants contend the entire claim is precluded as the Recommendation erred by misapplying the claim preclusion principles.[9] Defendants argue that, under *Hatch v. Boulder Town Council*, 471 F.3d 1142 (10th Cir. 2006), Plaintiff's allegations of "continuing" wrongs are precluded because they either: (a) are part of a series of connected transactions that do not give rise to a new and independent claim; or (b) fall within an exception for prior judgments resolving claims for injunctive relief or establishing the legality of continuing conduct. Plaintiff counters this claim is not precluded because, in a nutshell, he "is no longer being served a halal diet [that] complies with his sincerely held beliefs."[10]

Defendants rely on a federal action (*Ajaj I*) as the basis for preclusion; therefore, federal law applies. *Hatch*, 471 F.3d at 1146. "Claim preclusion prevents a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *Spencer*, 950 F.3d at 693 (quotation marks and brackets omitted). If the following three elements are satisfied, claim preclusion applies: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."

---

[9] Defendants also assert the Court could dismiss Claim One F based on claim splitting. (ECF No. 173, p. 9 n.4.) This argument is rejected because it was not previously raised and because arguments which are raised perfunctorily in a footnote are waived. *In re C.W. Min. Co.,* 740 F.3d 548, 564 (10th Cir. 2014) ("But, [a]rguments raised in a perfunctory manner, *such as in a footnote*, are waived." (quotation and citation omitted; brackets and italics in original)).

  The Court recognizes the parties did not previously have an opportunity to address the allegations in Plaintiff's Supplemental Complaint because leave was granted to file this complaint three days before the Recommendation was issued and long after briefing on the motion to dismiss was completed. However, in the filings before this Court directed to the Recommendation, all parties have had an opportunity to address the allegations in the Supplemental Complaint and the Recommendation's analysis based on such allegations.

[10] ECF No. 177, p. 1.

*Hatch*, 471 F.3d at 1149. In addition, under federal common law, the "full and fair opportunity to litigate" inquiry is a narrow exception to claim preclusion; it "applies only where the requirements of due process were not afforded—where a party shows a deficiency that would undermine the fundamental fairness of the original proceedings." *Spencer*, 950 F.3d at 709 (quotation and citation omitted). The parties' arguments address the third element and the exception.

In determining whether the third element is met, the Tenth Circuit applies the "transactional test" set forth in the Restatement (Second) of Judgments § 24. *Hatch*, 471 F.3d at 1149. Under this test, "a claim arising out of the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded." *Id.* (quotation and citation omitted). "[T]he plaintiff's complaint frames the scope of litigation, establishing a transactional nexus into which facts and claims are fitted or excluded for purposes of claim preclusion." *Id.* at 1150. "[A] new action will be permitted only where it raises *new and independent* claims, not part of the previous transaction, based on the new facts." *Id.* (emphasis in original).

However, even if a party's claim is new and independent, it will nonetheless be precluded if it falls within an exception. The two exceptions Defendants raise are: (1) "where the judgment entered in the prior action…resolved claims for declaratory or injunctive relief dealing with conduct persisting through trial or into the future"; or (2) "where…the object of the first proceeding was to establish the legality of the continuing conduct into the future." *Id.* at 1150-51 (quotation and citation omitted).

The allegations at issue, of conduct which occurred after the initial judgment of

September 14, 2018, consist of the following: (1) "alleged continuing violations related to his religious diet, including allegations of alleged halal misbranding"; (2) allegations that "Plaintiff is not allowed to purchase halal foods with his own money"; and (3) allegations that Plaintiff "is still not being served the religiously required halal food items for the Eids feasts and Ramadan." (ECF No. 169, pp. 18-21.) Defendants contend they are all barred by claim preclusion. The Court agrees.

The *Ajaj I* Court entered Findings, Conclusions and Order of Judgment on September 13, 2018. *See Ajaj v. Fed. Bureau of Prisons*, No. 15-cv-00992-RBJ-KLM, 2018 WL 4356787 (D. Colo. Sept. 13, 2018). Judgment was then entered on September 14, 2018. (*Ajaj I*, ECF No. 292.) Upon motions filed by the BOP and Plaintiff, the *Ajaj I* Court granted the BOP's motion to alter or amend but denied Plaintiff's motion for order to show cause.[11] Accordingly, the *Ajaj I* Court amended the final judgment on April 15, 2019. (*Ajaj I*, ECF No. 331.) That amended final judgment "enjoined [the BOP] from discontinuing to provide to Mr. Ajaj a certified halal diet unless that is required to serve a compelling governmental interest, and no reasonable alternative exists." (*Ajaj I*, ECF No. 331, p. 1.) On this record, the Court finds that Plaintiff is barred from relitigating Claim One F in its entirety.

***Religious Diet and Halal Misbranding.*** As stated, the alleged events which the Recommendation found were not barred occurred after the initial judgment was entered in *Ajaj I*. While the specific events concerning the failure to provide a halal diet could not have been raised in *Ajaj I* (because they occurred post-judgment), the *Ajaj I* Court entered an injunction against the BOP, requiring it to continue to provide Plaintiff a halal diet (with exceptions inapplicable

---

[11] *Ajaj I* ECF Nos. 301 and 317, respectively.

here). Thus, the judgment in *Ajaj I* "resolved claims for declaratory or injunctive relief dealing with conduct persisting through trial or into the future" and "establish[ed] the legality of the [BOP's] continuing conduct into the future" concerning the provision of a halal diet for Plaintiff. *Hatch*, 471 F.3d at 1150-51.

Plaintiff's arguments do not show to the contrary. First, as stated, Plaintiff alleges he is no longer being served a halal diet. But, as shown by Plaintiff's motion for order to show cause, Plaintiff sought relief for the BOP's alleged failures to continue to provide a halal diet after the *Ajaj I* original judgment was entered, alleging it violated the injunction entered in *Ajaj I.* Next, Plaintiff contends the BOP implemented a "nationwide new" halal menu which are in fact haram and provided by Midamar Corporation, an "indicted and convicted" company.[12] But, again, Plaintiff raised that complaint in its reply in support of its motion for order to show cause in *Ajaj I*, seeking relief based on the injunction entered in that case.[13] Finally, as for Plaintiff's contention that neither he nor his lawyers in *Ajaj I* were aware of a potential implementation of a nationwide halal menu or selecting Midamar because this occurred after the briefing on the motion for order to show cause, the record shows that is not so. The *Ajaj I* Court specifically discussed the implementation of a national solution by the BOP in its September 13, 2018, Findings, Conclusions and Order of Judgment. *Ajaj I*, 2018 WL 4356787, at *5. And, Midamar was specifically discussed in Plaintiff's reply brief in support of his motion for order to show

---

[12] ECF No. 177, p. 1; No. 168, p. 6; No. 159, 2.

[13] *Ajaj I*, ECF No. 328, pp. 4-5. The motion for order to show cause was apparently based on the BOP's alleged failure to provide a *specific* halal diet (the one provided during the *Ajaj I* trial). Nonetheless, Plaintiff challenged who the BOP would use to provide the halal-certified meals and raised whether Midamar should be allowed to provide halal food items – because those meals would allegedly not be halal. The injunction, after all, precludes the BOP from discontinuing to provide Plaintiff a certified halal diet.

cause in *Ajaj I*.[14]

  ***Eids Feasts and Ramadan Meals and the Purchasing of Halal Foods.*** Unlike the halal

diet, Defendants have not shown the injunction relates to allegations relating to these complaints.

The question then is whether the allegations post-*Ajaj I* judgment were litigated or could have

been litigated in *Ajaj I*. To start, Plaintiff's claim concerning his religious meals or diet is against

the BOP and not specific to any particular official or any particular facility. And, Plaintiff's claim

is based on *continuing* conduct which started prior to the entry of judgment in *Ajaj I*. Further,

Plaintiff did not object to the Recommendation's findings that allegations that he was not

provided with food items required for the EIDS feasts or Ramadan arose from the same

transaction (failure to provide a religious diet). In addition, Defendants have shown the issue of

what Plaintiff could or could not purchase in the commissary was raised in *Ajaj I*. Accordingly,

the Court agrees that although the specific events alleged occurred post-judgment in *Ajaj I*, in

light of the claims made in *Ajaj I*, the continued events complained of could have been litigated.

  Plaintiff's perfunctory argument to the contrary does not show otherwise. Nor does his

one sentence statement concerning a full and fair opportunity to litigate. "The court will not

consider…issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004)

(quotation and citation omitted). In summary, the Court agrees Claim One F is precluded in its

entirety. In light of this finding, the Court need not reach Defendants' alternate arguments.

---

[14] ECF No. 328, pp. 4-5.

### 2. Claim One "H": Medical Diet Claim against the BOP

The Recommendation agreed with Plaintiff that his Claim One[15] included allegations of the failure to provide medical diet against the BOP, which the Magistrate Judge then analyzed as part of Plaintiff's equal protection claims against the BOP. (ECF No. 169, p. 4.[16]) To the extent Plaintiff's Claim One alleged an equal protection claim for the failure to provide a medical diet against the BOP, the Magistrate Judge recommended it be dismissed for failure to state a claim. But, to the extent Claim One alleged a failure to provide a medical diet against the BOP that did not implicate the equal protection clause, the Magistrate Judge recommended it remain in the case.

Defendants object, arguing Plaintiff did not make specific medical-diet allegations against the BOP in Claim One and the Recommendation failed to identify any allegations in support of its conclusion that such a claim exists. The Court disagrees. As Defendants concede in a footnote,[17] Plaintiff's Supplemental Complaint includes such allegations. And, to the extent Defendants raise another objection in their footnote, such objection is overruled as perfunctory. *See, e.g., United States v. Walker,* 918 F.3d 1134, 1153 (10th Cir. 2019) (collecting cases). Accordingly, this objection is overruled.[18]

### 3. Claims One D, Two C, Five D, and Six C: FTCA Claims against the United States

Defendants raise a few objections as to the Recommendation to allow Claims One D,

---

[15] Which the Court has denominated Claim One H in the Chart, in order to distinguish it from the other claims contained in Claim One.

[16] That analysis is found in Section III.E.1 of the Recommendation. (ECF No. 169, pp. 33-35; *see* No. 169, pp. 55-56.)

[17] ECF No. 173, p. 13 n.7.

[18] Thus, the Court accepts and adopts the Recommendation's entire construction of the claims at issue.

Two C, Five D, and Six C to go forward. All four claims are FTCA claims against the United States.

***Claims One D, Five D, and Six C: Constitutional Violation Only?*** Defendants assert that if the Court agrees these claims present "only a violation of Plaintiff's constitutional rights," as stated in the Recommendation,[19] they should be dismissed because they, therefore, do not state FTCA claims. *See Engle v. Mecke,* 24 F.3d 133, 135 (10th Cir. 1994) (recognizing that a *Bivens* action against an individual officer for a constitutional violation is distinct from a tort action under the FTCA against the United States as they "are separate and distinct causes of action arising out of the same transaction"). Plaintiff objects, asserting this argument is waived as it was not raised and, if not waived, his claim against the United States is allowed.

The Court agrees that Defendants did not raise this argument in their motions. However, Defendants are relying on what the Recommendation stated in support of their request for dismissal. On this record, the Court declines to do so on this basis because the issue was not fully briefed and the Recommendation provided no analysis as to how it reached this conclusion. Thus, Defendants' objection on this basis is overruled. In other words, on this record, the Court declines to find that these claims assert only constitutional violations and, accordingly, that these claims are subject to dismissal on this basis,.

***Claims One D, Two C, Five D, and Six C: Failure to State a Claim?***

Defendants make various arguments that Plaintiff's allegations are conclusory. Plaintiff asserts any argument that these claims are conclusory and fail to adequately plead FTCA liability was not previously raised and is, therefore, waived. The Court agrees. A review of Defendants'

---

[19] ECF No. 169, p. 45.

motions shows this was not one of the bases on which they sought dismissal of such claims. Accordingly, to the extent Defendants rely on such arguments as a basis to reject the Recommendation, such arguments are waived. Therefore, any objection to the Recommendation based on such arguments is overruled.

### *Claims One D, Five D, and Six C: No Certificate of Review?*

Claim One D alleges the United States failed to provide Plaintiff with a medical diet. (*See* ECF No. 82, p. 17, ¶ 93.) Claim Five D alleges the United States failed to provide Plaintiff with medications for his health problems. (ECF No. 82, pp. 25-26.) Claim Six C alleges the United States failed to provide Plaintiff with melatonin for his insomnia and modafinil for his severe chronic fatigue syndrome. (ECF No. 82, p. 28.) Defendants argued these claims could be construed to allege medical negligence and, if it did, Plaintiff was required to provide a certificate of review as required under C.R.S. 13-20-602(1)(a) & 3(a)(II). The Recommendation rejected these arguments finding a private analogue for a claim sounding in negligence and, in effect, that such claims are not professional negligence claims. The Court agrees.

As the Recommendation correctly found, the Tenth Circuit has recognized that prison officials may owe a duty of care regarding the medical needs of inmates – to protect an inmate's health and safety – in *Ajaj v. United States*, 293 F. App'x 575, 581 (10th Cir. 2008). In doing so, the Tenth Circuit cited to *Kikumura v. Osagie*, 461 F.3d 1269, 1301 (10th Cir. 2006), which recognized a duty of care based not on the duty of a medical professional but on the duty arising from the special relationship between an inmate and the prison official as well as other factors. Accordingly, Defendants' objection that these claims might or could be construed as professional (medical) negligence claim is irrelevant. There is another basis by which these claims may go

forward. Thus, this objection is overruled.

### Claims One D, Two C, Five D, and Six C: No Private Analogue?

Defendants contend that if these are not medical malpractice claims then there is no private analogue. For the reasons stated in the Recommendation and above, the Court finds otherwise. *See also Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987) (cited by *Osagie, supra*). That Plaintiff may *also* rely on BOP regulations and policies to support his claims does not show otherwise. That Defendants contend that one or more of these claims are "*better analogized*"[20] as medical-malpractice claims also does not serve to defeat them. Plaintiff's allegations are sufficient to support a claim for a violation of a duty of care under Colorado law.[21] Accordingly, this objection is also overruled.

### C.  Plaintiff's Objections

Plaintiff also raises several objections. The Court considers those in turn as well, after addressing Defendants' waiver argument.

### 1.   Objection One: Waiver of Dismissal of Claim "I"[22]

Plaintiff argues Defendants did not move to dismiss his RFRA claim against Defendants Cundiff, Jones, Izzett, and Ruda-Sorrenti; therefore, that claim remains. Defendants, however, argue Plaintiff waived this claim because he failed to raise it before the Magistrate Judge. The Court agrees.

Defendants' motion to dismiss contained a chart setting forth the claims which they

---

[20] ECF No. 173, p. 19 (emphasis added).
[21] The scope of these claims and whether Plaintiff may ultimately establish liability under these claims are other issues and are not before the Court.
[22] This claim was not raised before the Magistrate Judge; therefore she did not include it in her analysis or recommendations. The Court, for ease of reference, has denominated it as Claim One I.

contended were raised in Plaintiff's Second Amended Complaint.[23] Plaintiff's response to the motion did not dispute Defendants' construction or argue otherwise.[24] Accordingly, Plaintiff waived any argument that he raised another claim. *Reyes v. Larimer Cty.*, No. 19-1295, 796 F. App'x 497, at * 2 (10th Cir. Dec. 3, 2019) ("[A]rguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived" (citing *Marshall*, 75 F.3d at 1426)). Therefore, any objection that the Recommendation erred because it failed to include a remaining RFRA claim against Defendants Cundiff, Jones, Izzett, and Ruda-Sorrenti, as Defendants failed to move to dismiss this claim, is overruled.

### 2. Objections Two and Three: Defendant Shepard

Plaintiff's "Objection Two" and "Objection Three" are all directed against Defendant Shepard, raising four objections. The Court addresses them in turn.

### a) Claim Three E: RFRA Claim

The Magistrate Judge recommended dismissing this claim based on qualified immunity. "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Fallin*, 841 F.3d at 1107 (quotation and citation omitted). In this case, the Recommendation found that, even assuming Plaintiff stated a constitutional violation, the law was not clearly established that

---

[23] ECF No. 113, pp. 3-5.

Plaintiff also contends this Court found that such a claim existed in its Order of January 29, 2019, addressing the recommendation of another magistrate judge. (ECF No. 125.) But, as Defendants assert, the Court listed the alleged violations and parties but did not specify which violations were directed against which party.

[24] However, in support of his motion for leave to file a Supplemental Complaint, Plaintiff apparently argued he also pled a claim for the alleged failure to provide a medical diet against the BOP. The Recommendation agreed and included such a claim in its analysis and determination of which claims were subject to dismissal and which claims remained. (ECF No. 169, pp. 57, 53-56.)

RFRA gives rise to an individual-capacity liability claim for money damages. (ECF No. 169, pp. 39-41.) Plaintiff objects, arguing the law was clearly established in reliance on decisions from other circuits that held or "assumed"[25] such damages are available and from other district courts.[26] The Court finds otherwise.

The Court agrees with the Recommendation that Plaintiff fails to show "that there is a Supreme Court or Tenth Circuit decision that is on point in finding that RFRA gives rise to individual-capacity liability for monetary damages, or that the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." (ECF No. 169, p. 41 (quotations and citation omitted).) In fact, in *Hale v. Fed. Bureau of Prisons*, 759 F. App'x 741, 746 (10th Cir. 2019), albeit an unpublished decision, the Tenth Circuit implicitly recognized the law is unclear and that it had not decided the issue. There, the Tenth Circuit stated that it need not decide "whether RFRA damages claims are available against individual defendants," *id.* at 744 n.4, but noted other decisions on the issue, including *Tanvir v. Tanzin*, 894 F.3d 449, 466 (2d Cir. 2018) upon which Plaintiff relies. Accordingly, Plaintiff's objection that the law was clearly established in 2015 (the time of Defendant Shepard's alleged conduct) is overruled.[27]

---

[25] ECF No. 176, p. 3.

[26] Plaintiff's reliance on the unpublished decision of *Patel v Wooten,* 264 F. App'x 755 (10th Cir. 2008) is misplaced; the *Patel* Court did not address whether such a claim was viable.

[27] The Court also agrees with Defendants that if Plaintiff had alleged a claim based on RFRA against Defendants Cundiff, Jones, Izzett, and Ruda-Sorrenti, such claim would also be subject to dismissal on the same basis.

### b)  Claims Three A through Three E

Plaintiff's objection "B" argues Defendant Shepard is not entitled to qualified immunity because he "knew or reasonably should have known" that his actions violated Plaintiff's statutory and constitutional rights. Although not entirely clear, the Court assumes this objection is directed to all claims against Defendant Shepard.

As to Claim Three E, even assuming, *arguendo*, Defendant Shepard violated any right against Plaintiff, as the Court stated above, such right was not clearly established. Because Plaintiff bears the burden of meeting *both* prongs, "(1) that the defendant's actions violated a federal constitutional or statutory right, *and*, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct," *Hinkle v. Beckham Cty. Bd. of Cty. Commissioners*, 962 F.3d 1204, 1219 (10th Cir. 2020) (quotation and citation omitted) (emphasis added), qualified immunity applies.[28]

As to Claims Three A, B, C, and D, the Magistrate Judge recommended they be dismissed based on a lack of a *Bivens* remedy, not qualified immunity. Thus, whether Defendant Shepard is or is not subject to dismissal based on qualified immunity is irrelevant; Plaintiff's objection here is overruled.[29]

### c)  Claims Three A through Three E

Plaintiff's final objection concerning Defendant Shepard argues qualified immunity does not apply because it was clearly established that "indirect coercion or penalties on free exercise

---

[28] The court can consider the two qualified-immunity prongs in any order. *McCowan v. Morales*, 945 F.3d 1276, 1282 (10th Cir. 2019) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).
[29] Because Plaintiff raises no other objections as to Claims Three B, C, and D, as the Court stated above, it reviewed the recommendation as to these claims for clear error and found none. Plaintiff did raise objections to the dismissal of his individual capacity Eighth Amendment claims (which includes Three A), which the Court addresses below.

of religion is outright prohibited."[30] But, Plaintiff fails to show where this claim against

Defendant Shepard was made or brought to the Magistrate Judge's attention.[31] Accordingly, this

objection is also overruled.

### d)  Claim Three A: Eighth Amendment

The Magistrate Judge recommended dismissal of claim Three A alleging violations of the

Eighth Amendment (failure to protect) be dismissed with prejudice for lack of a *Bivens* remedy.

Plaintiff objects, arguing there is substantial authority to support his position that a *Bivens*

remedy exists. Although a close question, the Court finds otherwise.

In *Ziglar v. Abbasi*, -- U.S. -- , 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017), the issue was

whether petitioners, federal officials, could be sued for damages under *Bivens*.[32] In resolving this

issue, the Supreme Court stated that "*Bivens*, *Davis*, and *Carlson* [33]—represent the *only* instances

in which the Court has approved of an implied damages remedy under the Constitution itself,"

*id.* at 1855 (emphasis added); "expanding the *Bivens* remedy is now a 'disfavored' judicial

activity," *id.* at 1857; "even a modest extension is still an extension," *id.* at 1864; and "caution"

should be exercised "before extending *Bivens* remedies into any new context," *id.* at 1857

(quotation and citation omitted). Thus, to evaluate whether a *Bivens* remedy may be implied, a

court must assess whether the case arises in a "new context," and, if it does, whether there are

any "special factors counselling hesitation in the absence of affirmative action by Congress." *Id.*

at 1857 (quotation and citation omitted).

---

[30] ECF No. 176, p. 5.
[31] As stated, except as found by the Recommendation, Plaintiff fails to show where he argued before the Magistrate Judge over how Defendants construed Plaintiff's many claims.
[32] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).
[33] *Davis v. Passman*, 442 U.S. 228 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980).

Plaintiff cites to a litany of cases but fails to explain how they show the Magistrate Judge erred in her recommendation. The Court finds them inapposite or unpersuasive because, for example, as to the cases Plaintiff cites within the Tenth Circuit, all were decided before *Ziglar* except *Cuevas v. United States*, No. 16-CV-00299-MSK-KMT, 2018 WL 1399910 (D. Colo. Mar. 19, 2018). Defendants contend *Cuevas* is against the weight of authority but the Court's review shows where the weight of the authority currently stands on this issue is far from clear. Regardless, the Court agrees with the Recommendation's analysis and conclusion that this case would be considered a "new context" under *Ziglar*. Thus, the issue is whether there are any "special factors counseling hesitation," 137 S. Ct. at 1857, in recognizing a *Bivens* remedy here.

As Defendants argue, Plaintiff neglects to provide any reason to disagree with or reject the Recommendation's analysis. And, upon review, the Court agrees, for example, that Plaintiff has or had alternative remedies available to him; this counsels against extending a *Bivens* damages remedy to Plaintiff.[34, 35] Accordingly, Plaintiff's objection here is overruled.

### 3. Objection Four: Claim Two A against Snider and Alvarez

The Magistrate Judge recommended dismissing claim Two A based on the lack of a *Bivens* remedy. This claim alleged "deliberate indifference to [Plaintiff's] serious medical needs,"[36] asserting Defendants Snider and Alvarez (a captain and lieutenant, respectively) failed

---

[34] As such, the Court respectfully disagrees with the *Cuevas* Court's contrary conclusion but also notes that *Cuevas* involved the disclosure of sensitive information which could not be undone and it was a "'damages or nothing'" case. *Cuevas*, 2018 WL 1399910, at *4 (citation omitted). Such are not the allegations here.

[35] In addition, although not specifically addressed in the Recommendation in this context, the Court finds there is "legislative action suggesting that Congress does not want a damages remedy" in light of the Prison Litigation Reform Act. *Ziglar*, 137 S. Ct. at 1865. "[T]he Act itself does not provide for a standalone damages remedy against federal jailers. It[, therefore,] could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id.*

[36] ECF No. 176, p. 8.

to remove Plaintiff from his cell before they used pepper spray to remove some inmates from Plaintiff's unit. Plaintiff alleges he has one lung, suffers from asthma and allergies (including allergies to pepper spray), and other conditions which were adversely affected by the pepper spray. Plaintiff objects to the recommendation, asserting (1) that his claim fits within *Bivens*; and (2) that his claim is not "meaningfully differen[t]" under *Ziglar* and other courts post-*Ziglar* have allowed *Bivens* claims under the Eighth Amendment for claims that are different from *Carlson*.

Starting with the first argument, to the extent Plaintiff contends his claim falls within *Bivens*, 403 U.S. 388, the Court agrees with Defendants that it does not. *Bivens* was a Fourth Amendment unreasonable search and seizure case.

Second, "even a modest extension is an extension." *Ziglar*, 137 S. Ct. at 1864. Plaintiff cites to many cases, none of which are controlling. Contrary to Plaintiff's argument, the Court agrees with the Recommendation that Plaintiff's claim "bear[s] little resemblance to *Carlson*" which allowed an Eighth Amendment claim for damages against federal prison officials for failure to provide medical treatment which resulted in the death of a prisoner who had asthma. Thus, this claim against these Defendants seeks to extend *Carlson* to a new context. And, as Defendants argue, Plaintiff fails to provide reasons to support any objection to the Recommendation's "special factors" or "alternative remedies" analysis. And, upon review, the Court agrees with the analysis. Accordingly, Plaintiff's objection here is also overruled.

### 4.   Objection Five: Claim Five A against Defendants Oba and Olguin

The Magistrate Judge recommended dismissing Claim Five A against Dr. Oba and Nurse Olguin based on a lack of a *Bivens* remedy. (ECF No. 169, p. 28.) That claim alleged deliberate indifference to his serious medical needs based on the denial of his medications. Plaintiff objects,

again citing to numerous cases, post-*Ziglar*, which he contends show "prisoners stated [a] claim of deliberate indifference to serious medical needs." (ECF No. 176, p. 12.) Because Defendants have raised a subject matter jurisdiction issue (Eleventh Amendment immunity defense), at least in part, as to the claim against Defendant Olguin, the Court addresses the claim as against Defendant Oba first. And, upon review, the Court again agrees with the Recommendation.

First, none of the cases are controlling. Two of the case are unpublished decisions from the Tenth Circuit but neither case considered *Ziglar* or analyzed the availability of the remedy sought. *See Perotti v. Serby*, 786 F. App'x 809 (10th Cir. 2019); *Chapman v. Santini*, 805 F. App'x 548 (10th Cir. 2020). Instead, both cases addressed whether the defendants were entitled to summary judgment based on qualified immunity. Accordingly, they fail to support Plaintiff's contention that his claim is not barred under *Ziglar*. Further, as previously stated with respect to the other objections above concerning a *Bivens* remedy, Plaintiff does not address the Recommendations analysis of the special factors or alternative remedies. On this record, Plaintiff's objection is overruled as against Defendant Oba.

### 5.   Objection Six: Claims Five A, B, C, and E Against Defendant Olguin

The Magistrate Judge recommended dismissal of the four claims (Five A, B, C, and E) against Defendant Olguin on two bases. First, the dismissal of these claims because there is no *Bivens* remedy. Second, the dismissal of parts of these claims based on absolute immunity. Plaintiff's sixth objection is to the recommended dismissal based on absolute immunity.  The Court finds it need not reach this objection.

Ordinarily, the Court "must resolve jurisdictional questions before addressing the merits of a claim." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1168–69 (10th Cir. 2012).

However, the Court "'may rule that a party loses on the merits without first establishing jurisdiction when the merits have already been decided in the court's resolution of a claim over which it did have jurisdiction.'" *Id.* (brackets omitted) (quoting *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1259-60 (10th Cir. 2009)). Under these circumstances, the "resolution of the merits is foreordained, and resolution of the jurisdictional question can have no effect on the outcome." *Id.* (quotation and brackets omitted) (quoting *Starkey et rel. A.B.*, 569 F.3d at 1260).

In this case, the Court has overruled Plaintiff's objection to the recommended dismissal of Claim Five A as against Defendant Oba for lack of a *Bivens* remedy – which is identical to the claim and objection as against Defendant Olguin. Thus, the dismissal of Claim Five A as against Defendant Olguin is foreordained and the Court need not determine whether it has subject matter jurisdiction over the entire claim as against Defendant Olguin. That is, it need not decide whether Defendant Olguin may have absolute immunity.

Similarly, as for Claims Five B, C, and E against Defendants Oba and Olguin, the Magistrate Judge recommended dismissal based on lack of a *Bivens* remedy as to both of these Defendants and dismissal, in part, based on absolute immunity as against Defendant Olguin. As stated above, after a clear error review, the Court accepts the unobjected to recommendation to dismiss Claims Five B, C, and E based on a lack of a *Bivens* remedy as against Defendant Oba. Because these claims against Defendant Olguin are identical to those against Defendant Oba, the dismissal of these claims as against Defendant Olguin on this same basis is foreordained. Therefore, the Court need not reach the issue of absolute immunity.

In summary, the Court finds the recommendation to dismiss, in part, as against Defendant

Olguin based on Eleventh Amendment immunity is moot. Plaintiff's objection based on Eleventh Amendment immunity for Defendant Olguin is therefore overruled on this basis.

### 6.   Objection Seven: Claim One A against Cundiff, Jones, Izzett, and Ruda-Sorrenti

Claim One A alleges Defendants Cundiff, Jones, Izzett, and Ruda-Sorrenti violated the Eighth Amendment for deliberate indifference to Plaintiff's serious medical needs by failing to provide him with a medically prescribed diet. As with the other individual capacity Eighth Amendment claims, the Magistrate Judge recommended dismissal of this claim based on a lack of a *Bivens* remedy. (ECF No. 168, pp. 28-32.) Plaintiff objects, arguing the Recommendation erred in finding this claim arises in a new context. The Court disagrees.

As with other objections, Plaintiff cites to many cases. All of the cases Plaintiff cites to support the allegation that the failure to provide a medical diet violates the Eighth Amendment are pre-*Ziglar*. (ECF No 176, p. 19.) And the cases Plaintiff cites as Eighth Amendment deliberate-indifference-to-serious-medical-needs that are post-*Ziglar* are not controlling, unpersuasive, or inapposite. For example, in the two post-*Ziglar* unpublished Tenth Circuit decisions Plaintiff again cites, *Perotti, supra* and *Chapman, supra,* as previously stated the issue was whether those defendants were entitled to qualified immunity. The issue of the availability of a *Bivens* remedy was not addressed. Therefore, they fail to support Plaintiff's objection. Further, as Defendants contend, Plaintiff fails to raise any error in the Recommendation's alternative remedies and special factors analyses. Accordingly, Plaintiff's objection as to the recommended dismissal of Claim One A is overruled.

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That Plaintiff's objections (ECF No. 176) are **overruled** as stated herein;

(2) That Defendants' objections (ECF No. 173) are **sustained in part** and **overruled in part** as stated herein;

(3) That the Recommendation (ECF No. 169) is **accepted in part, rejected in part on the merits,** and **rejected in part as moot** as stated herein;

(4) That Defendants' Motion to Dismiss (ECF No. 133) is **granted in part** and **denied in part** as stated herein;

(5) That Defendants' Motion for Partial Summary Judgment (ECF No. 132) is **granted in part** and **denied in part** as stated herein;

(6) That there is no Claim One I against Defendants Cundiff, Jones, Izzett, and Ruda-Sorrenti;

(7) That the following claims are dismissed with or without prejudice as stated below:

| Claim | Defendant(s) | Dismissal |
|-------|-------------|-----------|
| One A | Cundiff, Jones, Izzett, Ruda- Sorrenti | With Prejudice |
| One B | Cundiff, Jones, Izzett, Ruda- Sorrenti | With prejudice |
| One C | Cundiff, Jones, Izzett, Ruda- Sorrenti | With prejudice |
| One E | Cundiff, Jones, Izzett, Ruda- Sorrenti | With prejudice |
| One F | BOP | With prejudice |
| One G | United States | Without prejudice[37] |

---

[37] The Magistrate Judge recommended dismissal of Claim One G on two bases: (1) without prejudice because there is no private analogue; and (2) because the claim is barred by the statute of limitations. The Court dismisses this claim without prejudice because, ordinarily, once a court determines that "'it lacks jurisdiction over the action, [it] is incapable of reaching a disposition on the merits of the underlying claims,'" *Kelly v. Wilson*, 426 F. App'x 629, 633 (10th Cir. 2011) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir.2006)).

| One H | BOP | With prejudice, to the extent the claim is based on the Fifth Amendment |
|---|---|---|
| Two A | Alvarez, Snider | With prejudice |
| Two B | Alvarez, Snider | With prejudice |
| Three A | Shepard | With prejudice |
| Three B | Shepard | With prejudice |
| Three C | Shepard | With prejudice |
| Three D | Shepard | With prejudice |
| Three E | Shepard | With prejudice |
| Four C | BOP | With prejudice[38] |
| Five A | Oba, Olguin | With prejudice |
| Five B | Oba, Olguin | With prejudice |
| Five C | Oba, Olguin | With prejudice |
| Five E | Oba, Olguin | With prejudice |
| Six A | FTCA | Without prejudice |
| Six B | FTCA | Without prejudice |
| All claims | Individual Defendants in their official capacity | Without prejudice |

That this results in the dismissal of all individual and official capacity claims against the individual Defendants;

(8) That the following Defendants and claims remain in this action:

---

[38] The Recommendation first determined the claim was not moot and venue is proper. Then the Magistrate Judge recommended dismissal with prejudice. As stated, no party objects.

| Claim | Defendant | Claim |
|---|---|---|
| One D | United States | FTCA: Failure to provide medical diet |
| One H | BOP | Interference with medical diet: to the extent the claim is NOT based on the Fifth Amendment |
| Two C | United States | FTCA: exposure to OC |
| Four A | BOP | RFRA: Denial of video visits |
| Four B | BOP | First Amendment: Denial of video visits |
| Five D | United States | FTCA: denial of medication |
| Six C | United States | FTCA: denial of melatonin and modafinil |

That only claims against Defendants United States and BOP remain; and

(9) That, there being no claims remaining against the individual Defendants, in their individual and official capacities, they are dismissed from this action.

**SO ORDERED.**

DATED this 28th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge