IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 15-cv-02849-RM-KLM

AHMAD MOHAMMAD AJAJ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
DERRICK JONES,
MICHAEL CUNDIFF,
TAMMY RUDA-SORRENTI,
"FNU" IZZETT,
CHARLES ALVAREZ,
SEAN SNIDER,
D. SHEPARD,
C. OLGUIN, and
D. OBA,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's (1) "Motion for an Order Directing Defendant BOP to Locate his Missing Legal Materials Relevant to this Case" ("Legal Materials Motion") (ECF No. 238); (2) "Motion to Reactivate his Case" ("Motion to Reopen") (ECF No. 239); (3) "Motion for a Judicial Notice of Recent Decisions by the Tenth Circuit Relevant to his Motion for Reconsideration of the Dismissal of Some of his Claims Based on Qualified Immunity," ("First Judicial Notice Motion") (ECF No. 240); (4) "Motion for Leave to Supplement his Motion for Reconsideration with an Argument that Qualified Immunity is not an Available Affirmative Defense to RFRA Claims Post-*Tanzin*" ("First Motion to Supplement") (ECF No. 241); (5) "Motion to Stay Ruling on his Pending Motion for Reconsideration of the

Denial of his Motion for Preliminary Injunction for Two Weeks to Enable Him to Supplement it with New Facts" ("Motion to Stay") (ECF No. 242); (6) "Motion for Leave to Supplement his Motion for Reconsideration of the Denial of his Expedited Motion for a Preliminary Injunctive Relief with Additional New Facts" ("Second Motion to Supplement") (ECF No. 246); (7) "Motion for an Expedited Hearing on his Motion for Reconsideration of the Denial of his Motion for a Preliminary Injunctive Relief to be Allowed Religiously Mandated Visits with his Family, or in Alternative that the Court Rule on his Motion Promptly to Enable the Filing of an Appeal if Necessary," ("Motion for Hearing") (ECF No. 247); (8) "Motion for a Judicial Notice of the Memorandum and Order in *Ajaj v. Roal*, Case No. 14-cv-01245-JPG (Dkt. Doc 271) in Which the Court Reinstated RFRA Claims Against the Individual Defendants Due to *Tanzin v. Tanvir*" ("Second Judicial Notice Motion") (ECF No. 251); (9) "Motion for a Judicial Notice of the Recent Tenth Circuit's Decision in *Ajaj v. Federal Bureau of Prisons, Et Al.*, Appeal Case No. 19-1250 (10th Cir., Feb. 9, 2022) Which is Relevant to Pending Motion for Reconsideration," ("Third Judicial Notice Motion") (ECF No. 255); and (10) "Motion to Reinstate all Terminated Motions" ("Motion to Reinstate") (ECF No. 256), as well as Defendants' (1) Motion to Strike Improper Filings [ECF No. 237, 240, 241, 242]" ("First Motion to Strike") (ECF No. 245) and (2) "Motion to Strike Additional Improper Filings [ECF No. 246, 247, 251]" ("Second Motion to Strike") (ECF No. 253).  The Court finds no further briefing or hearing is necessary before ruling on the motions. After reviewing the motions, the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

I.     BACKGROUND

This history of this case is lengthy and complicated, and the Court will set forth only the facts pertinent to its resolution of the pending Motions.  Plaintiff was, at the time he filed this case, a prisoner serving a sentence in the custody of the Federal Bureau of Prisons ("BOP") at

2

the ADX Florence, Colorado. (ECF No. 1.) Plaintiff filed his original complaint in this matter in December of 2015. (ECF No. 1.) After a series of amended and supplemented complaints, Plaintiff's operative complaint contained many claims against numerous defendants. (See ECF No. 196, Exhibit 1 for summary of claims.) Defendants moved for partial summary judgment and to dismiss and the Magistrate Judge issued a recommendation that Defendants' motions be granted in part and denied in part. (ECF No. 169.) This Court overruled the majority of the objections the Parties made to the recommendation and sustained one objection. (ECF No. 196.) Many of Plaintiff's claims were dismissed with prejudice and several were dismissed without prejudice. (ECF No. 196.) Several claims remained.

After the Court issued its Order, seven claims remained against the United States of America and the BOP. (ECF No. 196.) Specifically, the following claims remain:

(1) Federal Tort Claims Act ("FTCA") claim against the United States for failure to provide Plaintiff with a medically prescribed diet;

(2) Claims against the BOP for failure to provide Plaintiff with a medically prescribed diet, except to the extent that such claims are based on the Fifth Amendment;

(3) FTCA claim against the United States for exposing Plaintiff to pepper gas spray, also known as oleoresin capsicum or "OC spray";

(4) Religious Freedom Restoration Act ("RFRA") claim against the BOP for denying him video visits with his family;

(5) First Amendment claim against the BOP for denying him video visits;

(6) FTCA claim against the United States for denying him prescribed medications; and

(7) FTCA claim against the United States for denying him melatonin and modafinil.

(ECF No. 196.)

After the Court issued the Order on the Recommendation, Plaintiff filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59 and 60.  (ECF No. 209.)  The Parties also submitted, and the Magistrate Judge entered, a Scheduling Order for the case.  (ECF Nos. 210, 211.)  Around that time Plaintiff's housing unit experienced an outbreak of COVID-19 and Plaintiff was subsequently infected himself.  (ECF Nos. 216, 218.)  As a result of the impact the COVID symptoms were having on him, and the fact that his unit was on lockdown/quarantine, Plaintiff informed the Court that he was, at that time, unable to comply with the Scheduling Order.  (ECF No. 222.)  Plaintiff then requested that the then-existing Scheduling Order be "cancelled" and that a new Scheduling Order be entered after he recovered from COVID, and the quarantine of his unit was lifted.

The Magistrate Judge recommended that the case be administratively closed rather than stayed it indefinitely.  (ECF No. 224.)  This Court agreed and adopted the recommendation in January of 2021.  (ECF No. 231.)  The Court stated that the case would be subject to reopening for good cause and informed Plaintiff that pursuant to D.C.COLO.LCivR 41.2, all pending motions would be terminated.  (ECF No. 231.)  The Court noted that reopening of the case would not reinstate the motions.

In December of that year, Plaintiff filed two new Motions, one for an "Order Directing Defendant BOP to Locate his Missing Legal Materials Relevant to this Case" (ECF No. 238) and one to "Reactivate his Case." (ECF No. 239.)  Since that time the Parties have filed the other ten Motions currently pending.  The matters being now fully briefed they are ripe for decision.

## II.   DISCUSSION

### A.  Plaintiff's pro se status

Plaintiff proceeds *pro se*; therefore, the Court construes Plaintiff's filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court does not, however, act as

4

Plaintiff's advocate or make arguments for him. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). And *pro se* litigants are not excused from following the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

### B. The Motion for an Order Directing Defendant BOP to Locate his Missing Legal Materials Relevant to this Case (ECF No. 238).

Plaintiff's first pending Motion asserts that when he was transferred from USP-Allenwood to USP-Coleman one of the boxes of his legal materials, which contained documents related to this case, went missing. (ECF No. 238, p. 4.) Defendants respond that the Motion should be denied on both procedural and factual grounds. (ECF No. 243.) In their response, Defendants first argue that Plaintiff has failed to exhaust his administrative remedies. Attached to their Response, Defendants include a Declaration of Brian McErlean, a Correctional Systems Officer at USP-Coleman who has the responsibility to issue personal property to inmates. (ECF No. 243-1.) They also include a Declaration of Martin Winter, the Supervisory Correctional Systems Specialist at the USP-Allenwood. (ECF No. 243-2.) Both declarations discuss the facts regarding the property shipped to Plaintiff when he was moved from USP-Allenwood to USP-Coleman. Officer McErlean noted that Plaintiff did not file any remedy requests through the BOP's Administrative Remedy Program. (ECF No. 243-1, p.2.) The Declaration does not specify whether Officer McErlean has access to the remedy requests filed at USP-Allenwood or only those filed at USP-Coleman.

Defendants also assert that the issue appears to be the result of a misunderstanding and that, in fact, all of Plaintiff's legal materials were delivered to him at USP-Coleman. (ECF No. 243.) They argue that the *form* for one of the boxes, box 18, was lost in transit and so a replacement form was created. (ECF No. 243.) Attached to their response Defendants include

5

the signed acknowledgement forms for all of Plaintiff's boxes. (ECF No. 243-1.) The form for box 18 is among those included—it indicates that it is a replacement form created in USP-Coleman and it contains Plaintiff's signature. (ECF No. 243-1, p.26.)

Plaintiff filed a Reply in which he contests each of Defendants' arguments. First, he asserts that the issue was not merely a misunderstanding—he acknowledges that he received all of the boxes, including box 18, that were sent from Allenwood to Coleman. (ECF No. 254, p. 4.) He asserts that there were other boxes taken from him at USP-Allenwood that were never included in the property sent to him at USP-Coleman. (ECF No. 254.) Specifically, he claims that certain blue boxes full of his legal materials were taken from him while he was in the Special Housing Unit in March of 2021, and that when he asked for them in order to prepare for his transfer to USP-Coleman the officers did not return them.

Plaintiff also attaches a number of documents to his Reply that document his requests for remedy which were all made while he was still at Allenwood. (ECF No. 254, pp. 7-34.) Specifically, he includes Informal Resolution Forms filed on June 8, 2021, and June 12, 2021, as well as responses received from the Warden on June 29, 2021, July 1, 2021, and July 6, 2021. (ECF No. 254, pp. 8-13.) He also included his Regional Administrative Remedy Appeal form, submitted on July 9, 2021. (ECF No. 254, p.14.) He includes the response he received to that Appeal, which was dated December 3, 2021. (ECF No. 254, p. 15.) And he includes his Central Office Administrative Appeal, filed on August 25, 2021. (ECF No. 254, p. 19.)

Because Defendants' response does not address the factual basis for Plaintiff's request, and because Plaintiff's documentation appears to show that he did, in fact, exhaust his administrative remedies, the Court GRANTS the Motion and ORDERS Defendant BOP to return any existing boxes of legal documents that were retained at USP-Allenwood or to SHOW

6

CAUSE, on or before May 31, 2023, by way of competent evidence, why such boxes cannot be returned.

### C. Motion to Reactivate his Case (ECF No. 239).

Plaintiff's next Motion requests that his case be "reactivated" due to the fact that his health is improved and is no longer preventing him from working on this case. (ECF No. 239.) He notes that he wishes for the Court to rule on his "pending" motions and indicates an intent to file supplemental factual material with regard to his Motion for Reconsideration due to new developments in the conditions of his confinement in BOP. (ECF No. 239.)

Defendants state in their Response to Plaintiff's Motion to Reopen that they do not object to reopening the case, noting that the case was closed at the Plaintiff's request due to the pandemic. (ECF No. 244.)

Given that the Motion is unopposed, that the Court finds good cause to reopen exists, and that several claims remain pending, the Motion is **GRANTED**.

### D. Motion to Reinstate all Terminated Motions (ECF No. 256).

Plaintiff requests that the Court reinstate all the Motions that were terminated upon the administrative closure of his case. He asserts that by reinstating his pending Motions this Court would conserve judicial resources. While that argument is somewhat persuasive, the Court concludes that in light of the passage of time, the evolution of the facts in this case, and the changes in the legal landscape, the Motions are likely stale and it will be most expeditious to start with a new scheduling order and, if necessary, new motions for reconsideration of any claims still pertinent to this case.

The Court is aware that at least a Motion for Reconsideration (ECF No. 209) was pending at the time this case was administratively closed. Among the arguments in that Motion was one regarding the Court's conclusion that qualified immunity should apply to Plaintiff's claims under

7

RFRA against individual defendants.  The Court, in its Order dismissing several of Plaintiff's claims and granting summary judgment on others, stated that the RFRA claims against certain officials in their individual capacity should be dismissed on the basis of qualified immunity because "even assuming Plaintiff stated a constitutional violation, the law was not clearly established that RFRA gives rise to an individual-capacity liability claim for money damages." (ECF No. 196, pp. 17-18.)  Plaintiff asserted that the Court had erred and "fundamentally changed the nature of qualified immunity inquiry" because the Court's conclusion turned "not based on whether the substantive law [was] insufficiently clear, but based on whether it is sufficiently clear that RFRA's remedial measures includes damages." (ECF No. 209, p. 6.) Plaintiff argued that there is not caselaw supporting a grant of qualified immunity based on the lack of clarity surrounding a remedy, as opposed to a substantive right.  (ECF No. 209, pp. 6-7.) And Plaintiff pointed to cases in other jurisdictions that suggested that damages were an available remedy against officials sued in their individual capacities.

Plaintiff also referenced the case of *Tanzin v. Tanvir*, 141 S.Ct. 486 (2020) which, at the time of his filing, was pending before the Supreme Court but had not yet been resolved.  The *Tanzin* case directly addressed the availability of money damages against defendants sued in their individual capacities under RFRA.  *Id.* at 489.  The Supreme Court concluded that such damages are, in fact, available under RFRA.  *Id.* at 493.  *Tanzin* was announced only a few days after Plaintiff sent his Motion to suspend the then-existing Scheduling Order.  *Id.* at 486 (noting the case was decided on December 10, 2020); see also ECF No. 222, p. 6, (indicating that the Motion was mailed on December 4, 2020).

In addition, subsequent to the administrative closure of this case, the 10th Circuit Court announced a decision in another one of Plaintiff's cases in which it addressed the availability of qualified immunity as a defense to a claim under RFRA.  *Ajaj v. Federal Bureau of Prisons*,

8

25 F.4th 805, 807 (10th Cir. 2022). In that case the Court concluded that "qualified immunity can be invoked by officials sued in their individual capacities for money damages under RFRA," but declined to reach the merits of its application in that case. *Id.* at 813.

The Court references these cases simply to demonstrate the changing law on the very questions at issue in this case and in the Motion for Reconsideration. The Court concludes that given the new information, as well as Plaintiff's new factual allegations pertinent to the Motion, judicial efficiency would best be served by allowing the parties to determine what, if any, of their arguments they still wish to make or whether there are new arguments that they wish to assert. For these reasons, Plaintiff's Motion to Reinstate all Terminated Motions (ECF No. 256) is **DENIED**.

### E. Plaintiff's Remaining Motions (ECF Nos. 240, 241, 242, 246, 247, 251, 255)

Based on the rulings on the previously discussed Motions, several of Plaintiff's remaining Motions are moot. Specifically, the (1) First Motion to Supplement (ECF No. 241); (2) Second Motion to Stay (ECF No. 242); (3) Second Motion to Supplement (ECF No. 246); and (4) Motion for Hearing (ECF No. 247) are all **DENIED AS MOOT**.

Plaintiff's remaining Motions, specifically (1) First Judicial Notice Motion (ECF No. 240); (2) Second Judicial Notice Motion (ECF No. 251); and (3) Third Judicial Notice Motion (ECF No. 255) are all **DENIED WITHOUT PREJUDICE**. Plaintiff can address those issues in any future Motion for Reconsideration.

### F. Defendant's Motions to Strike (ECF Nos. 245, 253).

For the same reasons, Defendants' First Motion to Strike (ECF No. 245) and Second Motion to Strike (ECF No. 253) are **DENIED AS MOOT**.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

(1) That Plaintiff's Motion for an Order Directing Defendant BOP to Locate his Missing Legal Materials Relevant to this Case (ECF No. 238) is GRANTED; and

(2) That Defendant Federal Bureau of Prisons is ORDERD to return any documents belonging to Plaintiff that have been retained at USP-Allenwood or SHOW CAUSE, on or before May 29, 2023, by way of competent evidence, why such documents cannot be returned;

(3) That Plaintiff's Motion to Reactivate his Case (ECF No. 239) is GRANTED;

(4) That Plaintiff's Motion to Reinstate all Terminated Motions (ECF No. 256) is DENIED;

(5) That Plaintiff's Motion for a Judicial Notice of Recent Decisions by the Tenth Circuit Relevant to his Motion for Reconsideration of the Dismissal of Some of his Claims Based on Qualified Immunity (ECF No. 240), Motion for a Judicial Notice of the Memorandum and Order in *Ajaj v. Roal*, Case No. 14-cv-01245-JPG (Dkt. Doc 271) in Which the Court Reinstated RFRA Claims Against the Individual Defendants Due to *Tanzin v. Tanvir* (ECF No. 251), and Motion for a Judicial Notice of the Recent Tenth Circuit's Decision in *Ajaj v. Federal Bureau of Prisons, Et Al.*, Appeal Case No. 19-1250 (10th Cir., Feb. 9, 2022) Which is Relevant to Pending Motion for Reconsideration, (ECF No. 255) are DENIED WITHOUT PREJUDICE;

(6) That Plaintiff's Motion for Leave to Supplement his Motion for Reconsideration with an Argument that Qualified Immunity is not an Available Affirmative Defense to RFRA Claims Post-*Tanzin* (ECF No. 241), Motion to Stay Ruling on his Pending Motion for Reconsideration of the Denial of his Motion for Preliminary Injunction for Two Weeks to Enable Him to Supplement it with New Facts (ECF No. 242), Motion for Leave to Supplement his Motion for Reconsideration of the Denial of his

Expedited Motion for a Preliminary Injunctive Relief with Additional New Facts (ECF No. 246), and Motion for an Expedited Hearing on his Motion for Reconsideration of the Denial of his Motion for a Preliminary Injunctive Relief to be Allowed Religiously Mandated Visits with his Family, or in Alternative that the Court Rule on his Motion Promptly to Enable the Filing of an Appeal if Necessary, (ECF No. 247) are DENIED AS MOOT;

(7) That Defendants' Motion to Strike Improper Filings [ECF No. 237, 240, 241, 242] (ECF No. 245) and Motion to Strike Additional Improper Filings [ECF No. 246, 247, 251] (ECF No. 253) are DENIED AS MOOT; and

(8) That the Parties are ORDERED to contact the chambers of the assigned Magistrate Judge so that she may convene a status conference.

DATED this 1st day of May, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge